FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUN 25 2018
JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

**Plaintiffs: AMOIKON FRANCOIS XAVIER N'GOUAN**

v.: Civil Action No.: 17-CV-01912-CMA-MJW

**Defendants: AB CAR RENTAL SERVICES INC**

**Plaintiff 2nd response to defendant's motion for summary judgement**

**\*My accommodation**

The defendant on his reply in support to his motion for summary judgement mentioned: "These admissions are fatal to Plaintiff's failure to accommodate claim, because it is undisputed that Defendant gave Plaintiff the accommodation he needed." The defendant did not give plaintiff the accommodation needed and required. Again, the doctor note that restricted my hours from 11am to 11pm was a restriction I asked my doctor to write since my original request for accommodation was denied by the defendant in 2014. As you can clearly see, the doctor restriction was provided after a few attempts to get my initial accommodation, by sending emails, trying to talk to my city manager, which didn't do anything. That restriction was provided in 2015, since I was going to be forced to bid on another shift that will make me work until 2am. The defendant is trying to use that restriction request as a proof of accommodation. That restriction was a result of Mr. Nolan denying my request for accommodation. That was the only solution I had at that time for not having to work until 2am. The defendant is stating that "In fact, to grant

1

Plaintiff the accommodation he claims to have requested would have required Defendant to violate Plaintiff's own doctor's instructions by having Plaintiff work in the morning before 11:00 a.m." As I mentioned in my first response to the defendant motion, since my request was denied by Mr. Nolan on his email (Exhibit 2), I was never given the option to have my doctor provide any supportive documents/letter. The defendant never asked me to provide a doctor note stating it will be better for me to work in the morning before going to treatment at night. As you saw on my first statement, I did provide a doctor note on my accommodation request when I started my job as a sales consultant at Carmax in Dec 2016 (Exhibit 4). My accommodation request clearly stated by my doctor it will be in my best interest to go to work in the morning and then go to work at night. The defendant is claiming an employer doesn't have to grant a preferred accommodation but must provide a reasonable accommodation. So according to the defendant, it is not reasonable to ask my employer to let me come to work first so I can be able to go to the clinic once I get off? Despite the fact that I even provide a doctor note showing all the sides effect that occur each time I have my treatment. According to the defendant, it is a preferred but not a reasonable request to be able to work without having to go through all those sides effect. I had to go work after finishing my treatment at the clinic while having symptoms like fatigue, nausea, dizziness, headache, low blood pressure… and be forced to stand, walk, carry luggage, type, talk…. for 8 hours. Did I deserve that? Why was it difficult for the defendant to grand my request to be able to work first and then go to the clinic so I didn't have to deal with all those side effects while working? One thing we could both sides agree here is that Mr. Nolan did in fact denied my request for accommodation.

However, the defendant is arguing that request was for a preferred accommodation. But any reasonable accommodation is most of the time a preferred accommodation.

Mr. Hailu testimony

Why should we believe Mr. Hailu statement was made a week after the incident when he never signed his statement? Again, that statement went through multiples peoples, starting from the manager that asked him to write the statement, any manager that had access to the statement, the defendant headquarter, the defendant EEOC representant when submitted to the EEOC. The defendant wants us to believe that nobody saw that Mr. Hailu statement was never signed. Legally we cannot put an actual date on when that statement was made. Mr. Hailu doesn't remember the name of the manager he handed his statement to. According to him, they were no witness around him when he wrote that statement. Mr. Hailu did mention dating his statement on his sworn deposition, however that was never the case. In his recording, he clearly confirmed that the customer is in fact the one who cussed at me. Then he changed his story. Regarding the bar Mr. Hailu bought just a couple months after my case was closed by the EEOC and after his statement just appeared, I asked the defendant, based on probable causes, to provide a copy of Mr. Hailu paystub before my case was closed by EEOC and also Mr. Hailu to provide any documents regarding the origin of the money he used to open his bar. In his statement, he mentioned getting a loan. The defendant denied my request which is a perfect example of someone having something to hide.

Mr. Giles statement

The defendant can't even explain why the statement made by Mr. Kirk Giles was never provided to the EEOC. It doesn't make sense that for the defendant, having a statement so damaging, never provide it to the EEOC (Exhibit 22). Also, during his deposition on Dec 2017, Mr. Nolan did say, when asked the employees statements he did read before sitting for his deposition, he only read Sergio Reyes and Binyam Hialu statements. He never mentioned reading a statement made by Mr. Kirk Giles. Mr. Giles statement was made, according to the statement, on Nov 6th. How Mr. Nolan couldn't remember that statement made by Mr. Giles if he did actually read it before his deposition or had knowledge of its existence. Especially when, according to the date on the statement, Mr. Giles statement was the first one to be made regarding the incident with the customer, which was on Nov 6th, 2016. Mr. Reyes statement was made on Nov 9th, 2016 and Mr. Hailu, according to him, a week later after the incident (even if it is not the case.).


According to the defendant, six witness statements corroborated that Plaintiff cursed at the customer. This is the first time I'm hearing that. So far, I only read a statement from Mr. Hailu which affirmed hearing directly the incident where I was accused of cursing at the customer. I don't recall the defendant mentioning any others person that was present that day and directly heard me cursed at the customer. So, the defendant is lying by stating he has 6 statements that will corroborated that story. A Hearsay is not a valid statement if I don't get to question the person the story came from. The defendant did not

provide any information on the customer that accused me. They had his information but never provided it. So, this is clearly an attempt to hide the customer from me since his story will be different to what the defendant is claiming happened.

According to the defendant, there was no allegation that Mr. Miller was insubordinate to his supervisor, that he had multiple incidents involving rudeness to customers, or that he was aggressive and dismissive when discussing the incident with management. However, the defendant provided a final warning (Exhibit 31), where Mr. Miller was accused of being rude to a manager. During my conversation with Mr. Miller by text (Exhibit 29), he confirmed having been suspended more than once and received a few warnings/write up. On exhibit 30, he confirmed that he was involved in a similar incident where he was accused of using the "F" word with a customer and got only suspended for a shorter time than me. Again, this is perfect example, despite all the write up, the fact that he was accused of the same thing I was (cussing and being rude at a customer, being rude to management), the defendant still think that Mr. Miller acts were not as important as mine to be subject to termination.

The defendant is using a created termination letter addressed to Mr. Orion as an argument to my discrimination case. However, Mr. Orion did abandon his job and resigned. As you can see, that letter was not a termination letter, but a letter asking Mr. Orion to return any company property on his possession after abandoning his job (he quit). As you can see, the letter I received did mentioned I was terminated, after being suspended. So, Mr. Orion situation is totally different to mine and cannot be applied to this case.

According to the defendant, Plaintiff's response regarding his FMLA and ADA retaliation claims is focused primarily on an allegation he has never before raised. In my first complaint, I mentioned the retaliation I had to go through while working at the plaintiff's location. The goal of discovery is to find any evidences that can help my case and support my complaint. So, after receiving the documents asked and did my researches, I was able to find out proof that all my FMLA hours were used as the same time the defendant was using my vacations/sick/personal time. I never asked Mrs. Pichler to pay me all my vacations as the same time I was using my FMLA. So those allegations are part of the retaliation from the defendant.

According to defendant, Plaintiff also argues that Defendant retaliated against him by requiring him—and only him—to work overtime. (ECF No. 50 at 11.) As an initial matter, Plaintiff offers no Case 1:17-cv-01912-CMA-MJW Document 52 Filed 06/12/18 USDC Colorado Page 9 of 12 10 legal basis to suggest that working overtime, where employees make more money, is an adverse action upon which a retaliation claim might be based. Working overtime is not an issue as long as I didn't have a medical condition that was making hard for me to work that much hours in 1 day. It is not an issue as long the defendant can prove that other sales agents were working the same length of hours during the same days I was working those long hours. It is not an issue if the defendant can provide any sign document stated I agreed to those hours, despite my medical condition. Why will I be ok working so much hours in one day when I have been using FMLA to be able to work less hours? I was getting an hour rate and getting paid on commissions. I was making more money on commission than hourly, so I didn't need to work more hours to be able to make more money. It is a retaliation claim when I was the

only one to work those hours and did not ask for that. It is a retaliation when I complain about that to my managers and I was told it is a mandatory and I had to do it despite my medical condition. So why me? Why only me?

Your Honor, a summary judgement is a **request** for the court to rule that the other party has no case, because there are no facts at issue. The party **making** the motion is claiming that either the case should not go before a jury at all, or a jury could **only** rule in favor of the moving party. This is not the case here. I'm 100% confident I did provide enough facts for a jury to rule in my favor.

Dated
06-13-2018
Signature

Name, Address and phone number

Amoikon François Xavier N'gouan

1325 S Duquesne Cir, Aurora, Co, 80018. Tel: 918-860-0261